PEOPLE *v*. PITCHFORD

CRIMINAL LAW—APPEAL AND ERROR—PRELIMINARY EXAMINATION—
ARRAIGNMENT—COURTS—STATUTES.

> A defendant was not entitled to a new preliminary examination
> even though his preliminary examination was held before a
> district judge other than the district judge who had held
> defendant's arraignment hearing where, since the defend-
> ant's arraignment and preliminary examination, a statu-
> tory amendment makes permissible the holding of the
> arraignment and the preliminary examination by different
> judges and where the defendant does not show actual prejudice
> (MCLA 1971 Cum Supp § 766.4).

Appeal from Oakland, Robert Templin, J. Sub-
mitted Division 2 March 3, 1971, at Lansing. (Docket
No. 9897.) Decided April 29, 1971.

Barry. L. Pitchford, Gerald D. Bima, and Bruce
Gantner were charged with illegal possession of
marijuana. Defendant's motion to quash the in-
formation denied. Defendants appeal by leave
granted. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Thomas G. Plunkett,*
Prosecuting Attorney, and *Frank R. Knox,* Assist-
ant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 442 *et seq.*

*Campbell, Lee, Kurzman & Leitman,* for defendants Pitchford and Bima.

*W. Kenneth Wright,* for defendant Gantner.

Before: R. B. Burns, P. J., and J. H. Gillis and T. M. Burns, JJ.

Per Curiam. Defendants were arrested and charged with illegal possession of marijuana.[1] Defendants were arraigned on March 7, 1970, before the district judge who had issued and signed the arrest warrant.

The preliminary examination, however, was held before another district judge. Defendants contend that they have a right under MCLA § 766.4 (Stat Ann 1954 Rev § 28.922), to have the preliminary examination held before the judge before whom the arraignment was held. In addition, they contend they were prejudiced because they intended to attack the legality of a search warrant at the preliminary examination and the search warrant was issued by the judge before whom the examination was held.

The statute which defendants assert gives them the right to have their preliminary examination held before the judge before whom defendants were arraigned has recently been amended to read:

"The magistrate before whom any person is brought on a charge of having committed an offense not cognizable by * * * the court before which he is brought shall set a day for examination not exceeding 12 days thereafter, at which time the court shall examine the complainant and the witnesses in support of the prosecution, on oath in the presence of the prisoner, in regard to the offense charged and in regard to any other matters connected with such

---

[1] MCLA § 335.153 (Stat Ann 1957 Rev § 18.1123).

charge which   *   *   *   the court considers pertinent." PA 1970, No 213, § 4.

The present statute thus provides for the very procedure which defendants now claim was error. If this matter were remanded, defendants' preliminary examination would be conducted in accordance with the amended statutory provisions, thereby allowing for a course of events identical to the ones which prompted this appeal. Therefore, absent a showing of actual prejudice we find no basis upon which reversal may be grounded.

Affirmed.